ORIGINAL
b c F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
DAVID BRAUNSTEIN, MICHAEL
LAYNE, and JOSEPH TWAROWSKI,

        Plaintiffs,

    -against-                      **MEMORANDUM AND ORDER**
                                    Case No. 07-CV-1015 (FB) (MDG)
JANET NAPOLITANO, Secretary, U.S.
Department of Homeland Security,

        Defendant.
----------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*                                     *For the Defendant:*
ALAN E. WOLIN, ESQ.                        LORETTA E. LYNCH, ESQ.
420 Jericho Turnpike, Suite 215          United States Attorney
Jericho, New York 11753                    Eastern District of New York
                                                        By:    CATHERINE M. MIRABILE, ESQ.
                                                                  Assistant United States Attorney
                                                                    271 Cadman Plaza East
                                                                    Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

I

        Plaintiffs are three former employees of the Department of Homeland Security ("DHS"). Proceeding under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, they allege that they were subject to unlawful age discrimination when DHS required its part-time custom and border patrol ("CBP") officers to undergo a physical training program and fired them when they refused to attend.

        Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment pursuant to Federal

Rule of Civil Procedure 56. She argues that plaintiffs failed to exhaust their administrative remedies before bringing suit and, in the alternative, that their claims fail on the merits.

Because all parties have had -- and taken advantage of -- an opportunity to present matters outside the pleadings, the Court treats the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). And since "the exhaustion requirement, while weighty, is not jurisdictional," *Boos v. Runyon*, 201 F.3d 178, 182 (2d Cir. 2000), the Court need not pass on defendant's first argument and, instead, proceeds directly to the merits.

II

Plaintiffs assert disparate-treatment and disparate-impact theories of age discrimination. The crux of both theories is that part-time CBPs officers tended to be older, that full-time CBP officers were not required to take the same training program, and that the program was not legitimately related to job performance.

## A. Disparate Treatment

With respect to disparate treatment, plaintiffs fail to make out the fourth element of their *prima facie* case -- "circumstances giving rise to an inference of discriminatory intent," *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008) -- for two reasons. First, they have offered no evidence that full-time officers and part-time officers were "similarly situated in all material respects." *Shumway v. United Parcel Serv.*, 118 F.3d 60, 64 (2d Cir. 1997). Therefore, they cannot show that DHS treated them "less favorably than a similarly situated employee outside [their] protected group." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000).

Second, even with such evidence, plaintiffs could raise, at best, an inference that DHS discriminated against part-time officers. As noted, they attempt to tie this to age discrimination by arguing that part-time officers constituted "an older cadre" of employees. Pls.' Mem. of Law at 17-18. Assuming that to be the case, "[s]tatistics alone are insufficient in a disparate-treatment claim because an individual plaintiff must prove that he or she in particular has been discriminated against." *Drake v. Delta Air Lines, Inc.*, 2005 WL 1743816, at *6 (E.D.N.Y. July 21, 2005) (citing *Hudson v. International Bus. Machs. Corp.*, 620 F.2d 351 (2d Cir. 1980)), *aff'd*, 216 Fed. App'x 95 (2d Cir. 2007); *see also Martin v. Citibank, N.A.*, 762 F.2d 212, 218 (2d Cir. 1985).

## B. Disparate Impact

In contrast to a disparate-treatment claim, statistics alone are usually sufficient to make out a *prima facie* showing of liability in a disparate-impact case, in which "plaintiff alleges that an entire class or category of minority workers are adversely affected by an employer's facially neutral policy." *Hudson*, 620 F.2d at 355. Thus, plaintiffs are correct that a showing that imposing the training requirement on only part-time officers adversely and disproportionately affected older workers would shift the burden to defendant to show that DHS's decision was "based on reasonable factors other than age." 29 U.S.C. § 623(f)(1); *see Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 87 (2008) ("The question is whether an employer facing a disparate-impact claim and planning to defend on the basis of [reasonable factors other than age] must not only produce evidence raising the defense, but also persuade the factfinder of its merit. We hold that the employer must do both.").

Plaintiffs have failed, however, to offer statistics to support their theory. Beyond simply asserting that part-time officers tended to be older, they offer nothing to show the impact of the program on older officers as a class. Indeed, the only concrete statistics in the record are those supplied by defendant and show, for example, that 93% of attendees over 40 passed the training program -- a pass rate no less than that of younger participants. Since plaintiffs have not shown an adverse impact on older officers in the first instance, there is no need for defendant to justify the decision to require part-time employees to take the training based on factors other than age.

### III

For the foregoing reasons, defendant's converted motion for summary judgment is granted. Accordingly, plaintiffs' complaint is dismissed.

**SO ORDERED.**

s/ Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 11, 2011

4